

# NUMBER 13-11-00441-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

AUSTIN LEVI TRAMMELL
A/K/A AUSTIN LEVY TRAMMELL,                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                               **Appellee.**

### On appeal from the 284th District Court
### of Montgomery County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Rose Vela

Appellant, Austin Levi Trammell A/K/A Austin Levy Trammell, was charged in a

three-count indictment with the offenses of aggravated assault with a deadly weapon,

retaliation, and criminal mischief.[1]   The indictment alleged three prior convictions for

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to

purposes of enhancement of punishment. Appellant pleaded guilty to retaliation and was found guilty of aggravated assault with a deadly weapon. The State dismissed the criminal mischief count, reducing it to criminal trespass. Appellant was sentenced to 15 years' confinement in the Texas Department of Criminal Justice, Institutional Division for aggravated assault. Appellant pleaded "true" to the enhancement paragraphs and was sentenced to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division for the retaliation offense. The trial court also found appellant guilty of the lesser-included offense of criminal trespass and sentenced him to confinement for one-year in the Montgomery County Jail. On appeal, appellant urges that the trial court abused its discretion by (1) admitting copies of text messages sent by appellant to his former girlfriend; (2) admitting video of appellant sitting in a patrol car after his arrest; and (3) reading back to the jury a portion of a victim's testimony in response to the jury's request. We affirm.

## I. BACKGROUND

Appellant sent a text message late on the evening of February 21, 2010, to Karen Kopsie, his former girlfriend, allegedly asking to buy some pills from her. The two continued to exchange text messages, with the words in the messages becoming increasingly angry. Kopsie's messages suggested that she was at a bar, rather than at home. Appellant, believing that Kopsie was with another man, drove to Kopsie's house, began shouting for her to come outside, kicked in the side mirrors of her truck and threw a beer through her bedroom window. Kopsie called her neighbor to confirm that appellant was the individual who was outside Kopsie's house. Michael Sisk, the neighbor's

an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

husband, went outside and attempted to stop appellant. According to Sisk, appellant was acting erratically. Appellant told Sisk that he had a bullet for him. According to Sisk, appellant reached into his car, grabbed a weapon and pointed it at Sisk. Sisk was ten feet from appellant at the time. Sisk knew it was a gun because he could see it in appellant's hand.

Appellant apparently left Kopsie's property, but left behind the license plate to his vehicle. Officers drove to his home where he eventually came out to speak with the officers and was arrested. Video of appellant from inside the patrol car after his arrest apparently showed appellant kicking the door, screaming, and threatening the officers. Appellant told one of the officers that if he had gotten his gun before the officer got his, appellant would have blown the officer's head off. A gun was never located.

Appellant testified that he did go to Kopsie's home on the evening of February 21, 2010, broke the mirrors of her car and threw a beer can through her window. He was upset by one of Kopsie's texts that had indicated she was with another man. He testified that he did not have a gun, but pointed his finger at Sisk.

## II. DISCUSSION

### A. Admission of photographs of text messages

By appellant's first issue, he argues that the trial court erred in overruling his objection to the admission of photographs of text messages sent by appellant to Kopsie because they were unfairly prejudicial and were inadmissible prior bad acts introduced for the purpose of showing character conformity. The State argues that the text messages were properly admitted as contextual evidence and were relevant to prove appellant's

motive for possessing a gun that evening.

### 1. Standard of Review and Applicable Law

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the decision is within the zone of reasonable disagreement, then there is no abuse of discretion. *See id.* at 343-44.

Appellant's objections to the admission of the photographs of the text messages were that they were not relevant, more prejudicial than probative, and inadmissible evidence of prior bad acts. Evidence is relevant if it has any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. Relevant evidence may be excluded by the trial court under rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Andrade v. State*, 246 S.W.3d 217, 227 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

In conducting a rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the

4

main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that the presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted. *Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007). A trial court's ruling concerning whether to exclude evidence under rule 403 of the Texas Rules of Evidence is measured by an abuse of discretion standard and will not be reversed if the ruling is within the zone of reasonable disagreement. *Andrade,* 246 S.W.3d at 227.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith. TEX. R. EVID. 404(b). But that type of evidence is admissible when it has relevance apart from character conformity, and may be offered to prove motive, opportunity, intent, plan, knowledge, identity, or absence of mistake or accident. *See id*.; *Casey*, 215 S.W.3d at 879. Additionally, "same-transaction contextual evidence" may be admissible to allow the jury to understand the surrounding facts and circumstances of the offense. *Devoe v. State*, 354 S.W.3d 457, 469–70 (Tex. Crim. App. 2011). Under Texas Rule of Evidence 404(b), "same-transaction contextual evidence is admissible only when the offense would make little or no sense without also bringing in that evidence, and it is admissible only to the extent that it is necessary to the jury's understanding of the offense." *Id*. at 469.

Both sides agree that the photographs contained in the record are barely legible. Both also agree that they contain profanity directed at Kopsie.

## 2. Admissibility under Rule 404(b)

Appellant went to Kopsie's house that evening to confront her because he thought she was with another man. The text conversations leading up to appellant's arrival at Kopsie's home was relevant to prove appellant's motive for possessing a gun that evening. The messages are also relevant to provide contextual evidence because most of the messages were sent immediately prior to appellant's arrival at Kopsie's home. The evidence merely provided a context for how the events of that evening unfolded.

## 3. Admissibility Under Rule 403

Appellant also argues that the probative value of admitting the text message copies was substantially outweighed by the prejudice in their admission. We disagree. The messages were relevant to the crime. Regardless, even if the court erred in the admission of the text messages, there was no harm. The only issue that was controverted at trial was appellant's use of a handgun. Sisk said appellant brandished a gun. Appellant said he did not. The only possible negative effect the admission of the text messages might have had upon the jury was that they showed his bad temper. But, even without the text messages, there is no question that appellant was upset that evening, throwing cans at windows and vandalizing Kopsie's truck. There was abundant evidence before the jury to substantiate appellant's anger that evening without the admission of the text messages. Error, if any, was not harmful.

We overrule issue one.

## B. Admission of the Police Video

By appellant's second issue, he asserts that the trial court erred in admitting a video of appellant in the patrol car following his arrest. Appellant made objections based on rules 403 and 404(b) of Texas Rules of Evidence.

The record reflects that on the second day of trial, the State offered exhibit 35, a video of appellant in a patrol car after his arrest. Appellant apprised the trial court that he believed the video was more prejudicial than probative. At the end of the second day of trial, the court again addressed the admissibility of the video. At this time, appellant broadened his objection by mentioning rules "404–609."

Appellant informed the court that the video contained some interrogation with respect to some marijuana found by the officers and threats made by appellant to the officers. The video recording is not before us in the record, but the parties do not actually contest what was on the video. The trial court again deferred ruling on the admissibility.

On the third day of trial, appellant made the same objections and pointed out to the trial court the specific evidence in the video that he found objectionable. The trial court noted that none of the issues had been brought to the trial court's attention in any pre-trial hearing, nor had there been any request for the court to view the particular portion of the recording. The court overruled the objections in their entirety and allowed the jury to see the entire recording.

Appellant argues that while the State articulated that its reason for wanting the video admitted was to show appellant's comments about having possession of a gun, the State did not articulate a reason for allowing the jury to hear about prior convictions or a

potential allegation of possession of marijuana.

### 1. Standard of Review

The standard of review is abuse of discretion as previously set forth with respect to appellant's first issue.

### 2. Admissibility

The evidence was relevant to the issue of whether appellant had access to a gun that he was accused of wielding during the commission of an aggravated assault. Further, appellant testified at trial with regard to drug use, verbal threats and his criminal history. Thus, even if the trial court erred, it was harmless. We find no abuse of discretion and overrule issue two.

## C. Submission of Testimony Pursuant to Jury Request

By appellant's third issue, he argues that the trial court abused its discretion in reading back to the jury testimony regarding appellant's statements to Sisk. During deliberation, the jury sent the court the following request. "Can we see the written statement of Michael Sisk and the Court transcript of Michael Sisk's statement in court." The trial court responded that if there was a disagreement with respect to any witness' testimony and specifies the point of disagreement, it would be reproduced. The jury responded: "We disagree about the description of the gun by Michael Sisk and his explanation of what happened after he yelled at Mr. Trammel and before Mr. Trammel drove off." Appellant complains that the following testimony of Sisk read to the jury was not responsive to the jury's request:

> Q.: How did it make you feel when he pulled that gun out on you and said he had a bullet for you?

A: Very scared. I feared for my life.

### 1. Standard of Review

A trial court's decision to respond to a jury's request for testimony should not be disturbed unless the trial court abused its discretion. *See Brown v. State*, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994).

### 2. Analysis

When a jury disagrees about the statement of a witness, the jury may "have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other." *See* TEX. CODE CRIM. PROC. ANN. art. 36.28 (West 2006).

The language objected-to here is responsive to the jury's inquiry. The testimony was that appellant pointed a gun at Sisk, appellant said he "had a bullet" for Sisk, and Sisk felt afraid. The jury said they disagreed about the description of the gun and the explanation of what happened after he yelled at Mr. Trammel and Mr. Trammel drove off. The trial court did not abuse its discretion. *See Neal v. State*, 108 S.W.3d 577, 580–81 (Tex. App.—Amarillo 2003, no pet.)

### III. CONCLUSION

We affirm the judgment of the trial court.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2012.

9